IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JAMES EARL BUTLER | § | |
| v. | § | CIVIL ACTION NO. 6:07cv412 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner James Earl Butler, proceeding *pro se*, filed this application for the writ of habeas corpus complaining of the legality of his confinement. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Butler pleaded guilty to aggravated assault with a deadly weapon, causing serious bodily injury, on June 28, 2004, receiving a sentence of ten years in prison. Despite his guilty plea, he took a direct appeal, which was dismissed on August 25, 2004. He did not seek discretionary review, but filed a state habeas application on January 18, 2007, which was denied by the Texas Court of Criminal Appeals on May 23, 2007.

In his petition, Butler asserted that he is actually innocent and that there was a fundamental miscarriage of justice because he was convicted of a "greater manufactured offense." This apparently refers to the fact that the indictment did not mention causing serious bodily injury, but the judgment of conviction reflects that he was convicted of "aggravated assault causing SBI." Butler argues that the trial court had no jurisdiction over this "manufactured offense," that he was never appointed an attorney on the "manufactured offense," and that he was deceived into pleading guilty on the "manufactured offense."

On September 10, 2007, the Magistrate Judge issued a Report recommending that the petition be dismissed as successive. In this Report, the Magistrate Judge observed that Butler had previously filed a federal habeas petition challenging a prison disciplinary case, which petition was dismissed prior to the filing of the present one. The Magistrate Judge noted that the Fifth Circuit has stated that where a prisoner files a habeas corpus petition challenging a prison disciplinary case, and then later files a habeas petition challenging his conviction, the later petition is successive where the facts forming the basis of the challenge to the conviction were known at the time of the filing of the earlier petition. The Magistrate Judge set out an unpublished Fifth Circuit decision to this effect in its entirety. Reed v. Quarterman, slip op. no. 07-10045 (5th Cir.. August 20, 2007) (unpublished), *citing* Crone v. Cockrell, 324 F.3d 833, 837 (5th Cir. 2003). In the present case, the Magistrate Judge said, Butler filed his first habeas petition, challenging the disciplinary proceeding, at a time when the facts forming the basis of his challenge to his conviction were or should have been known to him. Consequently, the Magistrate Judge said, Butler's second habeas petition, comprising his challenge to his conviction, was successive, and so should be dismissed.

Butler filed objections to the Magistrate Judge's Report on September 27, 2007. In his objections, Butler argues that his conviction was void and therefore never existed, and so his challenge to it is not successive. He states that TDCJ-CID is not a "state court" and so there was no judgment of conviction in that case either, and so his second habeas petition could not be successive. Butler further complains that application of Reed to his case is *ex post facto* and argues that the cases cited by the Magistrate Judge are distinguishable because they involved convictions, whereas his case does not (in that his state conviction was void and the disciplinary case does not count as a conviction).

Next, Butler contends that the Magistrate Judge should have construed his petition as a Rule 60(b)(4) motion challenging the void nature of the conviction, and determined that he is entitled to relief under the independent action doctrine. Finally, Butler asserts that he has been the victim of a fundamental miscarriage of justice.

Butler's objections are without merit. The fact that he asserts that his conviction is "void" does not mean that he can challenge it in a successive petition without receiving permission from the Fifth Circuit to do so, nor does the fact that his initial petition concerned a prison disciplinary matter mean that later petitions cannot be successive. Butler in effect argues that the Fifth Circuit's holding to the contrary was wrong, but the district court is bound to follow Fifth Circuit precedent and cannot overrule the decisions of the appellate court.

Butler's contention that application of Reed to him would violate the *Ex Post Facto* Clause is similarly unavailing. Reed was not a seminal decision but simply represents a recent application of existing precedent. Butler is in the same situation as the petitioner in Reed, and so the same principles apply to his case. His contention that the cases cited by the Magistrate Judge are distinguishable because they involved convictions while his does not is without merit.

Butler also says that the Magistrate Judge should have construed his petition as arising under Rule 60(b)(4), Fed. R. Civ. P., which provides for relief from judgments which are void. However, the Federal Rules of Civil Procedure are inapplicable to state criminal cases, and so he cannot file a motion for relief from judgment under Rule 60(b)(4), seeking relief from a judgment in a state criminal case. Nor can Butler maintain an "independent action" under Rule 60 with regard to a state criminal case. *See generally* Matter of West Texas Marketing Corp. v. Kellogg, 12 F.3d 497, 503 n.3 (5th Cir. 1994); U.S. v. Beggerly, 118 S.Ct. 1862 (1998) (discussing standards for independent actions). His objection on this basis is without merit.

Finally, Butler argues the merits of his claims, asserting that he was the victim of a fundamental miscarriage of justice in that his underlying state criminal conviction was void. This is a matter which he may present to the Fifth Circuit in seeking leave to file a successive petition. Until such leave is granted by the Fifth Circuit, the district court lacks jurisdiction to consider the merits of Butler's claims. Crone, 324 F.3d at 837. The Magistrate Judge did not err in recommending that Butler's petition be dismissed for failure to obtain leave from the Fifth Circuit to file a successive petition.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original petition, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the objections of the Petitioner are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED without prejudice. Butler may refile his petition at such time as he receives permission from the Fifth Circuit Court of Appeals to file a successive petition, but he may not refile it without such permission. It is further

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**So ORDERED and SIGNED this 20th day of November, 2007.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**